**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Garzon, | No. CV-10-8151-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Bullhead, a municipal corporation; Rodney Head, in his individual and official capacities as Chief of Police and Jane Doe Head, as husband and wife; Brian Williamson, in his individual and official capacities as Deputy Chief of Police and Donna Williamson, as husband and wife; Paul Holstine, in his individual and official capacities and Patricia Holstine, as husband and wife; Charles English, in his individual and official capacities and Jane Joe English, as husband and wife; Tim Ernster, in his individual and official capacities as City Manager of Bullhead City and Jane Doe Ernster, and husband and wife; John Does I-X; ABC Partnerships I-X; Black Corporations I-X, Defendants. | |

Pending before the Court is a Motion to Dismiss Count I of Plaintiff's Second Amended Complaint (Doc. 12) filed by Defendants. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff's Second Amended Complaint alleges the following. (Doc. 11). Plaintiff

Raul Garzon has been employed as a Sergeant by the Bullhead City Police Department since 1994. In 2008, Defendant Alex English–a police officer working under the supervision of Plaintiff–filed a formal complaint against Plaintiff with the Department. The Complaint alleged that Plaintiff had had an affair with English's ex-wife. The City of Bullhead initiated an Internal Affairs investigation into the alleged affair, and Defendant Sergeant Paul Holstine was assigned as the investigator. Plaintiff was concerned that Holstine would not be an impartial investigator because Plaintiff had dated Holstine's wife at an earlier time when both were single. Plaintiff was further concerned because, in 2004, Holstine falsely accused Plaintiff of accepting money from a drug suspect. Because of these past incidents involving Holstine, Plaintiff wrote to Assistant Chief of Police Brian Williamson, requesting that a different, impartial investigator be assigned to his case. Assistant Chief Williamson denied this request.

During his investigation, Holstine verbally abused, cursed at, and lied to, Plaintiff. On October 28, 2008, Plaintiff wrote to Chief of Police Rodney Head alleging that Holstine was treating him unfairly. Chief Head did not respond to Plaintiff's concerns, and Holstine was allowed to continue the investigation. Holstine's investigation found no evidence of the alleged affair, however, at the conclusion of the investigation, Holstine accused Plaintiff of lying about sending an email to Mary English, the ex-wife of Officer English.

Based on Holstine's investigation, Chief Head and Assistant Chief Williamson decided to terminate Plaintiff's employment. Plaintiff had a pre-termination hearing at which Chief Head sustained his decision to terminate Plaintiff's employment. City Manager Tim Ernster subsequently upheld Chief Head's determination. On April 3, 2009, Plaintiff appealed his termination, and in November 2009, his case was reviewed by a hearing officer. The hearing officer issued a written decision rebuking Defendants and reinstating Plaintiff to his former position with back pay. Plaintiff subsequently filed a Complaint alleging violations of 42 U.S.C. § 1983, false light invasion of privacy, intentional infliction of emotional distress, and defamation. Defendants move to dismiss Plaintiff's § 1983 claim.

**DISCUSSION**

**I. Motion to Dismiss**

    **A. Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

    **B. Analysis**

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). "It is well settled that section 1983 'imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'" *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (quoting *Baker*, 443 U.S. at 146).

In Count I of his Second Amended Complaint, Plaintiff cites to three different constitutional violations committed by Defendants to establish Defendants' liability under

42 U.S.C. § 1983. Plaintiff first alleges that his "constitutionally protected liberty interest in his reputation" was violated by Holstine's "false and defamatory statements of and about Plaintiff." (Doc. 11 at ¶¶ 92–93). This allegation is not sufficient to sustain a claim that Plaintiff's constitutionally protected liberty interest was violated. The Supreme Court has held that "[a]ny harm or injury to [reputation], even where as here inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law". *Paul v. Davis*, 424 U.S. 693, 712 (1976).

Plaintiff also alleges that he lost his "constitutionally protected property interest in his job . . . without due process of law." (*Id.* at ¶ 96). Plaintiff maintains that he was entitled to "some kind of hearing before being terminated–a right to oral or written [sic] charges against [him], an explanation of the employer's evidence, and an opportunity to present their side[] of the story." (*Id.* at ¶ 97). Plaintiff alleges that he was denied these due process rights because his "pre-termination hearing was a constitutionally deficient sham proceeding." (*Id.* at ¶ 98). However, "the failure to provide an impartial decisionmaker at the pretermination stage, of itself, does not create liability, so long as the decisionmaker at the post-termination hearing is impartial." *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991). Although Plaintiff alleges that Sergeant Holstine and Chief Head were not impartial during his pre-termination proceedings, Plaintiff does not allege that the post-termination hearing, in which he was reinstated to his former position with back pay, was conducted by someone other than an impartial decisionmaker. Thus, Plaintiff states no due process claim regarding his "constitutionally protected property interest in his job" to this extent. (Doc. 11 at ¶ 96).

Plaintiff finally alleges that his "rights to procedural and substantive due process were also violated" throughout the investigation and disciplinary proceedings because Defendants failed to adhere to Bullhead City's policies and procedures. (*Id.* at ¶ 99). Although he cites several police department policies, Plaintiff only provides the language for Bullhead City Police Department Policy AR 3–3 (3.06), which provides that "[t]he use of threats, offensive language, promise of reward, or any denial of an employee's rights is prohibited. Imposition of punishment not in accordance with the provisions of this regulation is also prohibited."

(*Id.* at ¶¶ 99–100). Nevertheless, to establish a due process claim, "under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 49–50. Plaintiff's assertion that Defendants failed to follow their own policies is not sufficient to allege that Defendants deprived Plaintiff of a right protected by the Constitution or laws of the United States. As a general rule, a violation of state law or procedures does not lead to liability under § 1983. *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998).

Plaintiff fails to allege enough facts to state a claim to relief because even viewing the facts in Plaintiff's Complaint in the light most favorable to him, none of the three violations alleged by Plaintiff establish that he was deprived of any rights secured by the Constitution or laws of the United States as required to state a § 1983 claim. *See Twombly*, 550 U.S. at 570. As Plaintiff has had three opportunities to properly bring a § 1983 claim, this Court, in its discretion, dismisses Count I of Plaintiff's Second Amended Complaint with prejudice and denies Plaintiff leave to amend or re-plead. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that "repeated failure to cure deficiencies by amendments previously allowed" is grounds for denying leave for a Plaintiff to amend his complaint).

Generally, federal courts do not exercise supplemental jurisdiction over pendent state law claims when the federal claim is dismissed. *See Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, 1865 (2009) (holding that a district court has discretion in exercising supplemental jurisdiction when the court has dismissed all claims over which it had original jurisdiction); *see also* 28 U.S.C. § 1367(c)(3). Because Plaintiff fails to state a federal claim upon which relief can be granted under 42 U.S.C. § 1983, and his remaining claims of false light invasion of privacy, intentional infliction of emotional distress and defamation are all state law claims, this Court dismisses Plaintiff's state law claims, without prejudice, for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Count I of Plaintiff's Second Amended Complaint (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims of false light invasion of privacy, intentional infliction of emotional distress and defamation are dismissed without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action.

DATED this 8th day of August, 2011.

G. Murray Snow
United States District Judge